## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

LEILA IMOE,                              )
                                         )
              Plaintiff,             )
                                         )
v.                                       )          No. CIV-2022-403-PRW
                                         )
SSM HEALTH CARE OF OKLAHOMA,             )
      INC.,                            )          ADA/FMLA/OADA
                                         )          ARISING IN OKLA COUNTY
              Defendant.            )          JURY TRIAL DEMANDED

## COMPLAINT

**COMES NOW THE PLAINTIFF** and alleges that:

### PARTIES

1.      The Plaintiff is Leila Imoe, an adult resident of Oklahoma County, Oklahoma.

2.      The Defendant is SSM Health Care of Oklahoma, Inc., a corporation doing business in Oklahoma County and throughout Oklahoma.

### JURISDICTION AND VENUE

3.      This is a cause of action for discrimination based on disability as prohibited by the Family and Medical Leave Act (FMLA), Americans With Disabilities Act as Amended (ADA), and by the corresponding provisions of the Oklahoma Anti-Discrimination Act (OADA).   Jurisdiction over the federal claims is vested pursuant to 42 U.S.C. §§ 2000e-5(f)(1), 42 U.S.C. § 12117(a), 29 U.S.C. § 2617(a)(2) and 28 U.S.C. § 1331.  Jurisdiction over the state law claims is vested under 28 U.S.C. § 1367.

4.      All of the actions complained of occurred in Oklahoma County, Oklahoma, and the Defendant may be served in that county, wherefore venue is proper in this Court under 28 U.S.C. § 1391(b).

## STATEMENT OF FACTS

5.     Plaintiff is female who was employed by Defendant from approximately May 14, 2018 until her wrongful termination of June 19, 2020.  At the time of her termination, Plaintiff was a medical assistant who had worked for more than twelve (12) months and for more than One Thousand Two Hundred and Fifty (1250) hours during the twelve (12) months prior to her termination.

6.     The Defendant employed fifty (50) or more persons within seventy five (75) road miles of Plaintiff's work location during each week of each calendar years 2018 through 2020.

7.     Plaintiff suffers from hypertension which is a condition affecting her cardiovascular and andrenal system.  This condition results in chronic high blood pressure and from adrenal imbalances which will leave the Plaintiff periodically exhausted.  Plaintiff is under the care of a specialist and is on several types of medication to control her blood pressure.  Such condition is a disability under all three prongs of the ADA as it substantially impairs the operations of her cardiovascular system and her adrenal system.

8.     The Defendant is aware of Plaintiff's medical condition.

9.     Defendant had previously approved the Plaintiff for leave under the FMLA for her condition.

10.     On June 10, 2020, Plaintiff was in the driveway of her house preparing to go to work when she lost consciousness.  When Plaintiff regained consciousness, she called her baby sitter who came to Plaintiff's home, took her children and drove Plaintiff to an Emergency Room for treatment.  Plaintiff texted her supervisor and explained her situation, but Plaintiff did not receive a response.

11.     The ER physician told Plaintiff, she could not drive or go to work until Plaintiff was seen by her hematologist.  Plaintiff could not get an appointment until July.  Plaintiff again texted her supervisor the situation but again did not get a response.  Plaintiff reported her need for FMLA leave through the portal provided by her employer and Plaintiff continued to make such report each day until she was terminated.

12.     On June 13 the office manager returned from vacation and Plaintiff called and talked to her.  Plaintiff explained her medical condition and the recent event and explained her need for leave until July.  Plaintiff requested leave for this period under the FMLA.

13.     On June 19, 2020, Plaintiff was called by HR to explain her situation.  Plaintiff advised HR of her medical condition, her need for FMLA leave and that Plaintiff had communicated this to both Plaintiff's supervisor and the office manager.  After Plaintiff provided this information, HR said they would call Plaintiff back.

14.      HR called Plaintiff back approximately thirty (30) to forty (40) minutes later and told the Plaintiff she was fired for 'no call, no show'.

15.     At the time Plaintiff was fired, she had not used twelve (12) weeks of FMLA leave in the prior twelve (12) months and was a covered employee eligible to take the FMLA leave she requested.

16.     Defendant's reason for firing the Plaintiff was false as the Plaintiff had called in and timely reported her condition in compliance with the FMLA.  Plaintiff had explained to both her supervisor and the office manager her need for leave and had checked in daily on the Defendant's FMLA portal.  In fact Plaintiff's

FMLA leave time was officially approved after Plaintiff's termination.

17.    The real reason for Plaintiff's termination was discrimination against her for her disability, retaliation for requested accommodation in the form of leave and interference with her FMLA right to leave.

18.    As the direct result of the discriminatory and retaliatory acts described above, Plaintiff has suffered lost wages and benefits, past and continuing, and emotional distress and dignitary harm.

19.    Under the ADA, the Plaintiff is entitled to all of her lost earnings together with compensation for her emotional distress and dignitary harm.  Because the Defendant's action was taken by management level officials and was, at the least, in reckless disregard of Plaintiff's federal rights, Plaintiff is also entitled to an award of punitive damages.

20.    Under the FMLA, the Plaintiff is entitled to all of her lost earnings with interest.  Because the termination was a wilful violation of Plaintiff's FMLA rights, Plaintiff is also entitled to an award of liquidated damages in an amount equal to the value of her lost earnings and benefits.

21.    Under the OADA, the Plaintiff is entitled to all of her lost earning together with  liquidated damages in an amount equal to the value of her lost earnings and benefits.

22.    Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission on or about July 23, 2020, asserting discrimination based on her disability and in retaliation for her requested accommodation of leave.  Plaintiff received her right to sue letter sometime after February 18, 2022.  This action is filed within 90 days of the issuance of such right to sue

4

letter.  By such actions Plaintiff exhausted all state and federal administrative requirements for her wrongful termination actions under the ADEA and ADA. There is no exhaustion requirement for FMLA actions.

## **PRAYER**

**WHEREFORE,** Plaintiff prays that she be awarded her actual, punitive and liquidated damages herein together with costs, pre- and postjudgment interest and attorney's fees and any other relief as may be appropriate.

**Respectfully submitted this 18th day of MAY, 2022.**

> s/ Mark Hammons
> Hammons,  Hurst & Associates
> Mark Hammons OBA # 3784
> 325 Dean A. McGee Ave.
> Oklahoma City, OK, 73102
> Telephone: (405) 235-6100
> Facsimile: (405) 235-6111
> Email: taylor@hammonslaw.com
>
> JURY TRIAL DEMANDED
> **ATTORNEY LIEN CLAIMED**